# Attachment 3

**MSP FSD Biology Unit Submission Guidelines**

Case: 19-2305    Document: 42-4    Filed: 07/31/2020    Page: 2

# MSP FSD Biology Unit Submission Guidelines

Lauren Lu
Biology Technical Leader
Michigan State Police
Forensic Science Division
LuL@Michigan.gov
517-282-9116



# A brief history…

- Pre-2006…
  - Biological samples in forensic labs were primarily composed of high quantity/quality sources of DNA: biological fluids
- 2006 and beyond…
  - NIJ study on "minor" property crimes spurred the shift from body fluid stains to "trace" biology evidence

# A brief history…

- DNA Analysis for "Minor" Crimes: A Major Benefit for Law Enforcement (Zedlewski and Murphy, 2006)
    - "The increasing number of samples submitted and number of requests for analysis have generated oppressive case loads for already understaffed crime labs. In response, the labs have had to relegate the analysis of DNA evidence from property offenses… to a back seat in favor of more pressing, high-profile cases. Untested DNA samples from property and other crime scenes are creating a massive backlog of untested samples."

# A brief history…

- By 2006, labs across the country decided to prioritize violent crimes over non-violent to cope with their backlogs. We have tried to maintain these backlogs in the 13 years since this NIJ report was issued, but the volume of cases received has only increased.

# A brief history…

- MSP FSD Biology Unit backlog

    – 2013: 9,630
    – 2014: 10,885
    – 2015: 13,887
    – 2016: 12,353
    – 2017: 14,559
    – 2018: 13,547

>40% increase in case volume (SAK projects NOT included!)

Case: 19-2305    Document: 42-4    Filed: 07/31/2020    Page: 6

# Current state…

- Ever-increasing backlog
- Until VERY recently, no net increase in personnel
  - New analysts and technicians must complete training programs prior to processing casework
- A delicate balance…
  - Violent crimes
  - Non-violent crimes
  - Post-conviction and Cold Cases
  - Expedited requests
- Probabilistic genotyping
  - Allows us to use more data, but is NOT an efficiency

Case: 19-2305   Document: 42-4   Filed: 07/31/2020   Page: 7

# Philosophy

- Changes to the Biology submission guidelines are based on:
  - The quality of profiles developed from specific sample types
  - The potential for assisting in an investigation in demonstrable way

Case: 19-2305   Document: 42-4   Filed: 07/31/2020   Page: 8

# Changes

- Analysis for the possible presence of urine or feces is being discontinued
    - Less than 5 total received system-wide/year
    - Require hazardous chemical for testing
    - Must maintain proficiency
    - Not suitable for DNA in most cases

- Violent crimes will be prioritized over non-violent crimes
    - Homicides, sexual assaults, kidnappings, and cases resulting in a death
    - Legislative mandate for sexual assault kits

# Changes

- Cases pending trial in less than 60 days from the date of submission will require Laboratory Director approval for submission and the expected completion date must be agreed upon at that time.
  - Allows sufficient time for processing
  - Allows integration of the case into the lab's workflow, without disrupting the workflow entirely

Case: 19-2305   Document: 42-4   Filed: 07/31/2020   Page: 10

# Changes

- Submission of contact samples will be restricted to narrower circumstances.
  - Items likely to have been touched once will not be accepted (e.g. doorknobs, electrical plugs/cords, drawer handles, ammunition, FCCs)
  - Publicly used items will not be accepted (e.g. door handles, service counters)

# Changes

- Contact samples- What will be accepted?
  - Items likely to have been touched for an extended period of time or repeatedly by the perpetrator (e.g. steering wheel, tool left behind)
  - Items likely to have been in oral contact with perpetrator are not considered contact and may be accepted (e.g. chewed gum, cigarette butts, beverage containers)
  - Clothing items are not considered contact evidence when attempting to identify the wearer of the item and may be accepted (e.g. shirts, hats, gloves, masks)

# Changes

- All submissions will focus on the receipt of biological stains first.
  - For violent crimes, contact samples may be submitted if the investigating agency can demonstrate relevance to the case.
  - For non-violent or property crimes, contact samples will only be accepted if a biological stain is not available, AND if submitted in conjunction with a suspect known reference sample for comparison.

Case: 19-2305   Document: 42-4   Filed: 07/31/2020   Page: 13

# Changes

- Drug packaging (and associated items) will no longer be accepted for biological processing, except for felony drug cases that have been
    - Demonstrated to not be a high health hazard
    - Were protected for DNA
    - Received Laboratory Director approval
    - Must be submitted with a suspect known reference

    - Analyst safety is the biggest concern
    - Most likely to yield very little data or a complex mixture

# Changes

- Firearms submission for biological processing will be limited to violent crimes and will require Laboratory Director approval. Firearms will no longer be accepted in non-violent crimes.
    - Analyst safety is a concern
    - Most likely to yield extraordinarily complex mixtures
    - Must be submitted with a suspect known reference

Case: 19-2305    Document: 42-4    Filed: 07/31/2020    Page: 15

# Goals

- Serving our partners more effectively by:
    - Increasing the quality of the evidence received
    - Focusing on evidence where usable results are more likely to be obtained
    - Guiding the submission of the most clarifying items of evidence
- Providing interpretations and comparisons with the greatest meaning to investigations and legal proceedings

Case: 19-2305    Document: 42-4    Filed: 07/31/2020    Page: 16

